NO. 07-03-0495-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 7, 2005

_____

JERRY JONES,

                Appellant

v.

THE STATE OF TEXAS,

                Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-401,610; HON. CECIL G. PURYEAR, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jerry Jones was convicted of aggravated robbery by causing bodily injury to a person older than 65 years of age. He challenges the conviction through one issue. In it, he contends that the trial court erred in overruling his objection to purported hearsay uttered at trial. The alleged hearsay consisted of a police officer reiterating what the victim said the appellant said to her. We overrule the issue and affirm the judgment of the trial court.

Theda Krause, who was 78 years old at the time of the assault, lived alone and owned a 1977 blue Buick Regal. A man later identified as appellant occasionally asked her if she would sell the vehicle to him and if she had any work for him to do. She always declined the solicitations.

Eventually, on July 6, 2002, around 11:00 p.m., she heard a soft knock at the door. Krause did not open it but instead talked to the person through the door. The person claimed he had car trouble and needed to use the telephone. However, as they talked, the victim eventually recognized the voice as that of the man who had asked about her car and odd jobs, *i.e.* appellant. She opened the door and allowed appellant to enter her abode and use the telephone. After doing so and conversing with appellant for a while, he demanded money, struck her, tied her up, and stole money as well as her vehicle. The incident transpired over about an hour period.

Officer David Houser began his investigation of the crime once the police were informed of it a day later. He testified that Krause explained to him that at first she had not recognized appellant's voice but as they conversed through the door, he told her things to help her recognize him. At that point, appellant lodged a hearsay objection which was overruled. Houser then testified that the comments appellant uttered included the following statements: "'I've asked to do yard work for you, I have asked to buy your car, I've asked to do odd jobs for you, I live in the neighborhood, and we've talked on these occasions.'"

Appellant argues that Houser's explanation of what appellant supposedly told Krause to induce her to open the door was inadmissible hearsay.[1] Further, he claims that identity was the only real issue at trial, and the admission of this evidence adversely affected his contention that another man who looked much like him may have committed the crime. In response, the State posits that the evidence was admissible because the officer simply was explaining how appellant became a suspect in the case.

Assuming *arguendo* that the evidence was inadmissible, we find the decision to admit it harmless. This is so for several reasons. First, the evidence of appellant's guilt was quite strong. Indeed, the victim identified appellant as her assailant several times and did so both in and out of court. So too had she seen appellant numerous times before the incident and had the opportunity to watch and interact with him for about an hour immediately before and during the assault and robbery. Moreover, a different witness informed the jurors that appellant had allowed him to use a car akin to the one taken by appellant during the robbery. And, to the extent that appellant presented evidence that another individual who looked much like him had been in the vicinity at the time, we are cited to no evidence suggesting, much less illustrating, that the voice of this other person sounded like appellant's. And, this is pivotal since the victim testified that she initially identified appellant as the person who entered her house that night not by looking at him but by hearing his voice.

---

[1]Krause herself only testified that she recognized the man's voice as the man who had asked her if she was selling her vehicle and if she had any odd jobs. She did not testify that he told her things that jogged her memory as to who he was.

Next, though the State alluded to the policeman's utterances in its jury argument, it did so obliquely. Yet, it stressed that the victim "recognized his voice," and that argument was clearly supported by the victim's own testimony.

Finally, the victim herself testified that she recognized the voice as that of the person who repeatedly requested the opportunity to do odd jobs for her. This testimony may not be identical to the purported hearsay at issue. Nonetheless, it had a like effect in that it also tied the voice to the person who previously solicited tasks from Krause.

In short, and upon considering the entire record and assessing its potential impact, we cannot say that the admission of the evidence effected a substantial right of appellant or had more than a slight, if any, effect upon the verdict. *See Bagheri v. State,* 119 S.W.3d 755, 763 (Tex. Crim. App. 2003) (stating that if admission of the evidence is erroneous, it must be deemed harmless when after reviewing the entire record, the court is reasonably assured the error did not influence or had a slight affect upon the jury's verdict). Accordingly, the issue is overruled, and the judgment of the trial court is affirmed.


Per Curiam


Do not publish.